IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Securitized Asset
Backed Receivables LLC Trust 2007-HE1,
Mortgage Pass-Through Certificates, Series
2007-HE1,

        Plaintiff,

v.

RONALD BISHOP,

        Defendant.

C.A. No. 1:13-CV-01645 (GMS)

## MEMORANDUM

## I. INTRODUCTION

On August 29, 2013, Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for Securitized Asset Backed Receivables LLC Trust 2007-HE1, Mortgage Pass-Through Certificates, Series 2007-HE1, filed a *scire fasias sur* mortgage action in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 16 at ¶1). In that state court complaint, Deutsche Bank alleged that Mr. Ronald Bishop ("Bishop"): (1) was the mortgagor for the Mortgage at issue; (2) had failed to pay the monthly installments due under the Mortgage; (3) had further failed to pay after Deutsche Bank's demand and acceleration; and (4) demanded judgment against the Plaintiff for Mortgage.[1] (D.I. 16 at ¶3-4). On October 3, 2013, under 28 U.S.C. § 1441(a) and (b), Bishop removed the matter to this Court. (D.I. 1).

Presently before the Court is Deutsche Bank's motion for summary judgment (D.I. 16)

---

[1] The original state court complaint demanded $130,977.17 (D.I. 16 at ¶4) and as of March 27, 2013, the total amount demanded by Plaintiff was $146,020.89 plus reasonable attorney's fees and costs. (D.I. 16 at n.1).

1

and Bishop's motion requesting further discovery (D.I. 17). For the reasons discussed below, the Court will grant Plaintiff's motion for summary judgment and deny defendant's request to continue discovery.

## II. BACKGROUND

Deutsche Bank's original complaint, filed in the Superior Court of the State of Delaware in and for New Castle County, had attached the complete statutorily required exhibits to support their case: (1) a certified copy of the mortgage; (2) disclosures required under 15 U.S.C. §§1601-1692; and (3) an amounts due affidavit required by 10 Del. C. § 5062D(b)(2). (D.I. 16 at ¶2, ¶5). Shortly thereafter on December 9, 2014, Deutsche Bank timely filed a loss mitigation affidavit as required by 10 Del. C. § 5062A. (D.I. 6 at ¶5). On December 20, 2013, Defendant filed his answer and admitted his failure to pay according to the terms of the mortgage agreement. (D.I. 6 at ¶6).

Discovery proceeded according to the Scheduling Order (D.I. 7) and was completed on October 8, 2014. (D.I. 13). Discovery did not yield additional material evidence.

## III. GOVERNING LAW

When a case is removed from state court to a federal court based on diversity jurisdiction, the federal court applies state substantive law using the federal procedural rules. *New Castle County, DE v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, 243 F.3d 744, 749 (3d Cir. 2001) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). When considering state law, the decisions of the state's highest court are authoritative. *Connecticut Mut. Life Ins. Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir. 1983).

The *scire fasias sur* mortgage action is codified in 10 *Del. C.* §§5061-67. This *in rem* action is a legal remedy to recover real property following the breach of a mortgage agreement

2

by nonpayment or nonperformance. 10 *Del. C.* §5061(a). The action is an expedited means to demand that the mortgagor "appear and show cause why the mortgaged premises should not be seized and taken in execution for payment of the mortgage money and damages." *Gordy v. Preform Bldg. Components, Inc.*, 310 A.2d 893, 896 (Del. Super. 1973). For a *scire fasias sur* mortgage claim to succeed, the Plaintiff must only show that he is a valid holder of the mortgage and that the Defendant has failed to fulfill his obligation under the mortgage to the Plaintiff. 10 *Del.C.* § 5061.

Only two legal defenses, payment or satisfaction, and the equitable claim of a plea in avoidance, are recognized defenses against a *scire fasias* action. *Gordy,* 310 A.2d at 895-96 (discussing "plea in avoidance of the deed" as a vestige of the common law plea of confession and avoidance that captures equitable remedies notwithstanding legal liability); *Brooks v. BAC Home Loans Servicing, LP*, 53 A.3d 301 (Table) (Del. 2012); *Wells Fargo Bank, N.A. v. Williford*, 2011 WL 5822630, at *3 (Del. Super. Nov. 17, 2011) (noting that answers in *scire fasias* actions are limited and counterclaims may not be asserted); *First Fed. Sav. & Loan Assn. of Norwalk v. Falls*, 1986 WL 9916, at *1 (Del. Super. Sept. 9, 1986) *aff'd sub nom. Christiana Falls, L.P. v. First Fed. Sav. & Loan Assn. of Norwalk*, 520 A.2d 669 (Del. 1986) (recognizing that *Gordy* restricts pleadings, 310 A.2d 893). Claims of fraud or other impropriety as a defense to the *scire fasias* action are generally barred unless the claims directly relate to the original mortgage transaction and are factually supported. *Lasalle Nat. Bank v. Ingram*, 2005 WL 1284049, at *2 (Del. Super. May 19, 2005). This requirement preserves the *in rem* nature of the *scire fasias* action and avoids inserting *in personam* matters into the property focused action. *Id.* at *3. While these *in personam* counterclaims may not be joined with the *in rem* action, they may be separately pursued subject to the statute of limitations and other provisions of Delaware

3

law. *Id.* at *2-*3. In summary, well-settled Delaware substantive law establishes a cabined foreclosure mechanism that specifically limits both counterclaims that may be joined and defenses that may be raised.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"). The moving party bears the burden of proving that no genuine issue of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986). A fact is material if it "could affect the outcome" of the proceeding. *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). There is a genuine issue "if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* Genuine issues are those issues that require a finder of fact to resolve the parties' differing versions of the truth. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011), as amended (Oct. 20, 2011). When determining whether a genuine issue of material facts exists, the district court must view the evidence in the light most favorable to the nonmoving party and draw inferences in that party's favor. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). If the moving party is able to demonstrate an absence of disputed material facts, the nonmoving party must then "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citing Fed. R. Civ. P. 56(e)).

The mere existence of some evidence in support of the nonmoving party will not be

4

sufficient for denial of a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the nonmoving party must present enough evidence to enable a jury to reasonably find for it on that issue. *Id.* The party opposing summary judgment must present more than just "mere allegations, general denials, or . . . vague statements" to show the existence of a genuine issue. *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). As such, a nonmoving party must support their assertion that a material fact is in dispute by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party is entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of its case for which it has the burden of proof. *Celotex*, 477 U.S. at 322.

## V. DISCUSSION

Deutsche Bank argues that they have made out a complete case for *scire fasias sur mortgage* with no material facts in question. (D.I. 16). Bishop asserts numerous state law counterclaims and three federal counterclaims against Deutsche Bank. (D.I. 6). The Court examines each of the parties' arguments below, in turn.

### A. Deutsche Bank's *in rem* Mortgage Action

Delaware law affords mortgagees a streamlined foreclosure process requiring specific proof and allowing limited replies. *Gordy,* 310 A.2d at 895-96. With the original state court complaint, Deutsche Bank clearly met their initial burden of production: Deutsche Bank

5

established that they were an assignee of the mortgage and that Bishop had failed to perform under its terms. (D.I. 16 at ¶2-¶3). The burden then shifted to Bishop to demonstrate why the property should not be seized in satisfaction. *Gordy*, 310 A.2d at 896. In the Answer, Bishop admitted his failure to pay. (D.I. 6 at ¶6). Bishop raised none of the affirmative defenses recognized by Delaware law. (D.I 6) and (D.I. 17).

Applying the standard of review discussed above, if, after adequate time for discovery, the nonmoving party has failed to come forward with a sufficient showing on an element of its case, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. Deutsche Bank is an assignee of the mortgage; Bishop admitted he failed to fulfill his responsibilities under the Mortgage agreement. These two facts are the heart of the *scire fasias* action. 10 *Del.C.* § 5061. Both facts are undisputed in the record. Accordingly, no genuine issue of material fact exists to preclude the entry of summary judgment in favor of Deutsche Bank for the mortgage action.

### B. Bishop's Counterclaims

In the Answer, Bishop asserted seventeen counterclaims. (D.I. 6 at 2-3). Bishop raised none of the affirmative defenses recognized under Delaware law. (D.I. 6). Under Delaware substantive law, counterclaims not directly related to the original mortgage transaction may not be joined with the *scire fasias* action. *See, e.g. First Fed. Sav. & Loan Assn.*, 1986 WL 9916, at *1. Each state law claim is outside the scope of defenses and counterclaims permitted by Delaware law in a *scire fasias sur* mortgage action. *See e.g., Wells Fargo Bank, N.A.*, 2011 WL 5822630, at *3. Because joinder of these state law counterclaims with the *scire fasias* action is barred under Delaware law, none are properly before the court. Accordingly, the court will not consider any of these state law claims on the merits.

6

Bishop also raised three counterclaims alleging that the Deutsche Bank violated federal law. (D.I. 6 at 3). Bishop asserts that Deutsche Bank violated the False Claim Act, 31 U.S.C. § 3729 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C.A. § 2601 *et seq.*. (D.I. 6 at 3). Bishop re-asserted each of these counterclaims in his Reply to Deutsche Bank's motion for summary judgement. (D.I. 17 at 3-4).

Because the Defendant is proceeding *pro se*, the court construes the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Despite this less stringent standard, the assertions that Deutsche Bank violated the False Claims Act, The Truth in Lending Act, and the Real Estate Settlement Procedures Act are all purely conclusory statements lacking even the barest support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Each assertion is enumerated in the Answer as a plain, conclusory statement. (D.I. 6 at 3). Neither context for these assertions nor facts surrounding them were plead. *Id.* In Bishop's Reply to Deutsche Bank's Motion for Summary Judgment, the same plain, conclusory assertions were made, again with neither context nor adjacent facts. (D.I. 17 at 3-4). "[N]aked assertion[s] devoid of further factual enhancement" are insufficient to meet the minimum pleading requirements. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Because Bishop is proceeding *pro se*, the court allowed discovery to provide an opportunity for Bishop to develop the factual record (D.I. 7). Bishop's motion to extend discovery was also granted. (D.I. 13). Discovery did not yield evidence to support these three conclusory allegations. (D.I. 11) and (D.I. 12).

If, after adequate time for discovery, the nonmoving party has failed to come forward with a sufficient showing on an element of its case, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. Bishop has failed to establish any element of these

7

three claims; consequently, they are dismissed with prejudice.

## VI. CONCLUSION

Deutsche Bank has met the burden of production in the *in rem* foreclosure action; Bishop admitted his failure to perform under the mortgage agreement. As discussed above, there are no material facts in question precluding summary judgment in favor of Deutsche Bank. Because Delaware state law preserves the *in rem* essence of foreclosure actions by baring joinder of *in personam* claims, Bishop's state law counterclaims are not properly before the court and are dismissed without consideration on the merits. After an opportunity to pursue discovery, Bishop elicited no material evidence to support his three federal counterclaims; accordingly those counterclaims are dismissed.

Dated: September 30, 2015

_____
UNITED STATES DISTRICT JUDGE